

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division

SHERRY LYNN DELINO
O/B/O B.J. A MINOR CHILD,

        Plaintiff,

        v.                                CIVIL ACTION NO. 4:18-cv-107

ANDREW SAUL,
Commissioner,
Social Security Administration,

        Defendant.

*MEMORANDUM OPINION AND ORDER*

This matter is currently before the Court on Sherry Lynn Delino's ("Plaintiff") objections to the Magistrate Judge's Report and Recommendation ("R&R"). For the reasons set forth below, the R&R is **ACCEPTED** and **ADOPTED**. Plaintiff's Motion for Summary Judgment is **DENIED**, and Commissioner Andrew Saul's ("Commissioner") Motion for Summary Judgment is **GRANTED**.

### I. FACTUAL AND PROCEDURAL HISTORY

The Magistrate Judge's R&R thoroughly details the factual and procedural history of the case. *See* ECF No. 20 at 2–7. Claimant B.J. was born on July 14, 2008 and has experienced issues related to his alleged disability since at least January 1, 2011. ECF No. 20 at 2. In July 2014, Claimant was diagnosed with a borderline intellectual disability, Attention Deficit Hyperactivity Disorder ("ADHD"), and communication disorder. *Id.* at 3–4. A State Agency psychiatrist also concluded Claimant had severe language and speech impairment and suffered from ADHD. *Id.* at 6. In August 2014, Claimant's pediatrician noted that Claimant displayed mild symptoms of hyperactivity and restlessness with impulsive behaviors, but had no behavioral

problems in school and was doing well academically. Though Claimant was required to repeat kindergarten in the 2014–2015 school year due to learning delays and speech deficits, Claimant properly interacted with his peers, followed rules, and improved his academic performance. *Id.* at 5. In June 2015, Claimant's speech pathologist reported no behavioral issues despite minor issues with Claimant's vocabulary. *Id.* at 4. Claimant was also evaluated by a State Agency psychiatrist in June 2015, who found Claimant suffered from ADHD, Speech and Language Impairment, and Borderline Intellectual Functioning ("BIF"). *Id.* at 6. Claimant's academic performance and behavior improved through the second grade with an Individualized Learning Plan ("ILP") and speech therapy. *Id.* at 5–6. By the 2016–2017 school year, Claimant's school reported that he was generally a happy student and a hard worker. *Id.* at 5.

On April 4, 2014, Plaintiff filed an application for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under the Social Security Act of 1935, Pub. L. No. 74-271, 49 Stat. 620 ("SSA"). *Id.* at 2. Plaintiff is Claimant's grandmother and filed the application on his behalf. *Id.* at 3. Plaintiff's claim is based on Claimant's ADHD, Autism Spectrum Disorder, Encopresis, and mood disorder. ECF No. 4 at 5. On July 30, 2014, Plaintiff's application was denied. ECF No. 20 at 2. On June 17, 2015, it was denied again upon reconsideration. *Id.* Plaintiff requested a hearing before an administrative law judge ("ALJ"), and on March 1, 2017, an ALJ conducted such a hearing. *Id.* The ALJ denied Plaintiff's application on August 24, 2017. *Id.* Plaintiff requested the Appeals Council reconsider the decision, but that was denied on July 19, 2018. *Id.* At this point, the ALJ's decision became the final decision of the Commissioner. *Id.*

On September 11, 2018, Plaintiff filed her first complaint for judicial review of the Commissioner's decision in a *pro se* action. ECF No. 4. On November 16, 2018, the Commissioner filed an answer. ECF No. 8. On November 19, 2018, the case was referred to the

Magistrate Judge. ECF No. 10. On November 27, 2018, the Magistrate Judge issued an order directing Plaintiff to file a motion for summary judgment and other responsive pleadings among the parties. ECF No. 11. On December 14, 2018, Plaintiff filed her motion for summary judgment. ECF No. 12. On January 11, 2019, the Commissioner filed her cross-motion for summary judgment. ECF No. 14. On January 24, 2019, Plaintiff filed a rebuttal. ECF No. 18. On June 18, 2019, the Magistrate Judge issued his R&R denying Plaintiff's motion and granting the Commissioner's motion. ECF No. 20. On July 1, 2019, Plaintiff filed her objections to the R&R. ECF No. 21. On July 15, 2019, the Commissioner filed her response to those objections. ECF No. 22.

## II. STANDARD OF REVIEW

Under Rule 72(b)(3) of the Federal Rules of Civil Procedure, a district judge is required to "determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." The *de novo* requirement means that a district court judge must give "fresh consideration" to the objected-to portions of the Magistrate Judge's report and recommendation. *See Wilmer v. Cook*, 774 F.2d 68, 73 (4th Cir. 1985); *United States v. Raddatz*, 447 U.S. 667, 675 (1980). "The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or recommit the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

A district court must review the relevant findings by the Magistrate Judge *de novo* when a party properly objects to the Magistrate Judge's report and recommendation. 28 U.S.C. § 636(b)(1). Objections made to the report must be made "with sufficient specificity so as reasonably to alert the district court of the true ground of the objection." *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007). Objections must also respond to specific errors in the report and recommendation because general or conclusory objections are not proper. *See Orpiano v.*

*Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). General or conclusory objections are the equivalent of a waiver. *Id.*

### III. DISCUSSION

Plaintiff objects to the Magistrate Judge's conclusions with a filing that is identical to her reply brief in support of summary judgment. Plaintiff's filing is supplemented by a letter written after the Magistrate Judge's R&R was issued, which describes the Claimant's behavior and condition after the ALJ's decision was rendered. ECF No. 21 at 4.

The Court affirms the Magistrate Judge's findings. While an objecting party may re-raise arguments presented to the magistrate, a mere duplication of the summary judgment filings does not constitute an 'objection' for the purposes of district court review. *Nichols v. Colvin*, 100 F. Supp. 3d 487, 497 (E.D. Va. 2015) (citing *Abou-Hussein v. Mabus*, No. 2:09-1998, 2010 WL 4340935, at *1 (D.S.C. Oct. 28, 2010)). Here, Plaintiff's objection to the Magistrate Judge's R&R fails because it is identical to the Plaintiff's summary judgment motion. Therefore, the Court concludes Plaintiff's filing lacks the specificity necessary to alert the Court of a proper objection to the Magistrate Judge's R&R.

Additionally, the Court cannot consider the letter attached to Plaintiff's filing. A district court reviewing an ALJ's decision cannot consider evidence outside the record in front of the ALJ. *Smith v. Chater*, 99 F.3d 635, 638 n.5 (4th Cir. 1996). A district court can order evidence presented to the Commissioner on remand only if the evidence is relevant to the determination of disability at the time the application was filed. *Gregory v. Berryhill*, No. 17-629, 2018 WL 2224056, at *2 (E.D. Va. May 14, 2018). The letter attached to Plaintiff's filing describes care administered to the Claimant beginning in August 2018, after the ALJ's decision was issued. EFC No. 21 at 4. Further, the letter was written on June 28, 2019, 10 days after the Magistrate

Judge issued his R&R. Therefore, the letter cannot be considered as evidence relevant to an objection to the Magistrate Judge's R&R and may not be considered by this Court in reviewing the initial determination of disability.

Based on a *de novo* review of the filings and the R&R, this Court determines that the Magistrate Judge's recommendations and findings are proper. *Wilmer*, 774 F.2d at 73. The R&R supports all factual findings and the Court finds Plaintiff's objections are without merit. The Court does not find any legal errors in the Magistrate Judge's findings. Accordingly, the Court concludes that Plaintiff raises no grounds which warrant this Court's departure from the recommendations as stated in the Magistrate Judge's R&R.

## IV. CONCLUSION

The Court has independently reviewed the filings in this case and Plaintiff's objections to the R&R. Having done so, the Court finds that there is no meritorious reason to sustain Plaintiff's objections. The findings and recommendations in the Magistrate Judge's R&R dated May 24, 2019 are hereby **ACCEPTED** and **ADOPTED**. Specifically, the Commissioner's Motion for Summary Judgment is **GRANTED**; Plaintiff's Motion for Summary Judgment is **DENIED**; and the action is **DISMISSED WITH PREJUDICE**.

The Court **DIRECTS** the Clerk to send a copy of this Order to the parties.

**IT IS SO ORDERED.**

Norfolk, Virginia
September 3, 2019

Raymond A. Jackson
United States District Judge